**UNITED STATES of America**

v.

**Larry T. LEE, Appellant.**

**No. 24933.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 20, 1972.

Messrs. G. Cabell Busick and J. Timothy Hobbs, Washington, D. C. (both appointed by this court) were on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and John A. Terry, John S. Ransom, and Leonard W. Belter, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and MacKINNON and ROBB, Circuit Judges.

### PER CURIAM:

Appellant was convicted by the District Court sitting without a jury of one count of armed robbery and two counts of assault with a deadly weapon. We affirm.

Two men entered a liquor store, eventually went up to the counter with the cash register, displayed hand guns, and robbed Mrs. Kremer (a part-owner) of the money she handed them. The store was well-lit; the robbers had been inside for 5–10 minutes; and both Mrs. Kremer and an employee (Mr. Pickens) had an opportunity to observe them. The opportunity of each, however, varied. Mrs. Kremer had the best opportunity. The following day Mrs. Kremer identified appellant from a series of nine photographs shown her. Twelve days after the robbery she again identified appellant at a lineup.

During a pretrial hearing on a motion to suppress these identifications, the court held the lineup had been impermissibly suggestive, but refused to suppress the photographic identification. At trial Mrs. Kremer made an in-court identification of appellant but Mr. Pickens was never able to identify him. His testimony indicated some confusion and lack of attentiveness on his part during the robbery. He also indicated that he thought he recognized one of the robbers but did not want to say so because he was not positive.

██ Appellant contends that the photographic identification was impermissibly suggestive, and that the combination of the tainted photo and lineup identifications, plus Mr. Pickens' inability to identify appellant, indicate that Mrs. Kremer's in-court identification was without an independent source and should have been excluded. Since Mrs. Kremer and Pickens observed the robbers from different angles and under different stresses, there is no logical relationship between their two conclusions.

██ We also find no support in the record for appellant's claim that the photographic identification was impermissibly suggestive. One of the victims (Mrs. Kremer) picked out appellant from the nine black and white photographs exhibited to her the first time she saw his picture, and defense counsel at the pretrial suppression hearing agreed that the photographic identification was not impermissibly suggestive (Tr. 43, 45). We have examined all the photographic exhibits and concur in that judgment. From the report by the victims following the robbery, one robber had short hair and the other had "an African haircut." Of the nine photographs exhibited to the victims, five of the men had bush haircuts and four had shorter hair. Under the circumstances, there being two robbers with different haircuts, it was entirely proper to exhibit photographs of persons with both type haircuts and the number of each was sufficient so that it could not be said that the pictures focused on Lee. That his hair was longer than the four others with bush haircuts was one feature that served somewhat to identify him, but every picture has some feature or features

that may serve individually or in combination to furnish the basis for an identification of the subject of the picture. While we have no opportunity to compare the appearance of Lee's hair on the day of the robbery with its appearance in the picture (he apparently denied the court and others this opportunity by having it cut shorter before his lineup), given the fact that the length of people's hair these days varies from time to time, Lee's haircut in the picture is not so materially distinctive from the bush haircuts in the other photographs that it would set Lee out from all the others and permit him to be identified on the basis of his hair alone. Moreover, while Mrs. Kremer indicated that Lee's haircut at the time of the robbery was an outstanding feature, she testified that she identified him from his "physical characteristics" (Tr. 30).

■ From a review of the record we also find that the in-court identification by Mrs. Kremer was based on a source independent of her excluded lineup identification and was thus properly allowed. She had an excellent opportunity to view the robbers during the ten minutes they were in the small area of the store. During the robbery, appellant stood immediately in front of her, not more than a foot away. The lighting was good. She was positive in her identification. We conclude that the trial court found Mrs. Kremer's identification to be based on her observations at the time of the robbery and to be independent of the lineup identification which was suppressed.[1] We see no basis for overturning this conclusion and accordingly affirm the conviction.

Affirmed.

BAZELON, Chief Judge, concurs in the result only.

[1] (Tr. 46–47). The trial judge did not articulate his reasons for suppressing the lineup identification. The facts at the hearing had shown that the "African haircut" was one of the identifying features reported by the victims and only three of the nine men in the lineup could be said to have bush haircuts. However, it is significant that at the time of the lineup Lee had had his hair cut considerably shorter than it appears to have been in the photograph of him that Mrs. Kremer selected. Her ability to pick him out of the lineup (with his shorter hair) is a strong feature of her identification.