**Cornelius Douglas SMALL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6493.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1972.

Decided May 11, 1973.

John Joseph Matonis, Washington, D. C., appointed by this court, submitted on the brief, for appellant.

Lee Cross, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Robert Alan Jones and Eric B. Marcy, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

Once again we are called upon to determine whether the trial court has complied with the sentencing provision of the Federal Youth Corrections Act, 18 U.S.C. § 5001 et seq. *See* Paul v. United States, D.C. App., 301 A.2d 226 (1973); Hubb v. United States, D.C.App., 298 A.2d 512 (1972). Section 5010(d) provides that:

> *If* the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), *then* the court may sentence the youth offender under any other applicable penalty provision. (Emphasis added.)

Quite recently, two federal circuit courts, each sitting en banc, have concluded that a youth offender *must* receive Youth Act treatment rather than the penalty provided by the criminal statute he has violated *unless* the sentencing judge finds he will not derive benefit from the special rehabilitative treatment afforded by the Act. United States v. Coefield, 476 F.2d 1152 (D.C. Cir. 1973); Reed v. United States, 476 F. 2d 1145 (D.C. Cir., 1973); Cox v. United States, 473 F.2d 334 (4th Cir. 1973).

In the instant case, the trial court, after accepting appellant's plea of guilty to a single count of a multi-count indictment charging him with various forgeries, committed him to the custody of the Attorney General for observation and study pursuant to 18 U.S.C. § 5010(e) in order to obtain information as to whether he "will derive benefit from treatment" under the Youth Act. At the time of sentencing appellant's counsel urged the court to sentence appellant to treatment under Section 5010(b) and (c) of the Youth Corrections Act. The court, without any comment, imposed a sentence of one-to-three years' imprisonment. Counsel then asked the sentencing judge

*for a determination* as to whether or not he [appellant] would benefit under the provisions of the Youth Correction Act. . . . . (Emphasis added)

and the court answered,

*No;* I have no intention of disclosing the presentence report here. (Emphasis added.)

◼ Appellant claims error on the part of the court in failing to determine on the record that he would not derive rehabilitative benefit from the Youth Act before sentencing him as an adult. We are generally not bound by the decisions of the United States Court of Appeals for this circuit rendered subsequent to the District of Columbia Court Reorganization Act of 1970, D.C.Code 1972 Supp., § 11–101 et seq. M. A. P. v. Ryan, D.C.App., 285 A.2d 310 (1971). Nevertheless, we must recognize that we are construing a "federal statute of national application," *see* Paul v. United States, *supra*, 301 A.2d at 228, and that two federal courts of appeals have now considered this Act en banc and reached the same conclusion, *viz.*, that a sentencing court may not impose an adult sentence on a youth offender *unless* it *first* finds that he will *not* derive benefit from Youth Act treatment. This conclusion appears to us to be a reasonable interpretation of the legislative intent as expressed by Congress in the Federal Youth Corrections Act and we defer therefore to these decisions construing federal legislation of nation-wide applicability. *See* Paul v. United States, *supra.*

◼ The government argues that the mere fact that the trial court sentenced appellant to prison rather than Youth Act treatment constituted in and of itself an "implied" finding that he would not derive benefit from the Youth Act. However, as we read the colloquy between court and counsel set forth above, the judge specifically *refused* to make a determination as to whether or not appellant would derive benefit from youth treatment. In Cox v.

United States, *supra*, (473 F.2d at 337), the Fourth Circuit, noting that "the District Judge said explicitly he had made no such finding [that the youth offender will derive no benefit from treatment] . . . [and] thought none was required," remanded the case with directions that the judge "explicitly find whether or not treatment under the Act would be beneficial to Cox."

So, too, in United States v. Coefield, *supra,* the entire District of Columbia federal circuit court, one judge dissenting stated:

[T]he finding required to be made under section 5010(d) as a condition to an adult sentence is to be *explicit* . . . . (Emphasis added.) 476 F.2d at 1158.

*See also* Reed v. United States, 476 F.2d 1145 at 1149 (D.C. Cir., 1973) (the "requisite statutory finding . . . must appear *explicitly* in the sentencing record as an essential condition precedent to the legality of an adult sentence"). (Emphasis added.) The requirement that a sentencing judge state explicitly on the record his determination whether a youth offender will derive rehabilitative benefit from Youth Act treatment is wholly consistent with our directive in past cases to trial judges with respect to other facets of a criminal proceeding "to enhance the record with clear evidence" so as to avoid the subsequent need on appeal "to reconstruct skimpy records or to fill the void in empty records on appeal." Jackson v. United States, D.C.App., 262 A.2d 106, 109 (1970) and cases cited therein. The minutes taken by the sentencing judge to state expressly for the record his determination whether or not the defendant before him will derive rehabilitative benefit from the Youth Act will save months of litigation after sentence as to what the sentencing judge had determined and whether he complied with the Act.

◼ The government in its brief and on oral argument points to the fact that appellant, according to his own counsel's repre-

sentation, had received shortly before being sentenced in *this* case a term of imprisonment in *another* criminal case. This factor is of some significance in determining whether a defendant who *first* must serve a term of prison as an adult would derive rehabilitative benefit from Youth Act treatment. However, the trial court in this case did *not* refer to this factor or, indeed, give *any* reason for its selection of the penalty proviso of the statute appellant had admitted violating. Therefore, we cannot know from this record what reasoning the trial court followed in reaching its conclusion not to grant appellant Youth Act treatment. The federal circuit courts have required "a statement of the reasons why it [the sentencing court] has decided against a Youth Corrections Act commitment and in favor of adult punishment." Reed v. United States, *supra*, (476 F.2d at 1150).[1]

■ In addition, our own trial court has in cases coming to us followed the practice of setting forth reasons for not invoking the Youth Corrections Act for a youth offender. *See* Paul v. United States, *supra*; Hubb v. United States, *supra*. To require the sentencing judge to enumerate the factors he relies upon in concluding that a youth offender will derive no rehabilitative benefit from the Youth Act is *not* so that we as the reviewing court may "second-guess" him or substitute our judgment for his. After all, "the review of sentences is not our business." United States v. Coefield, *supra* (concurring opinion 476 F.2d at 1161). *See* Foster v. United States, D. C.App., 290 A.2d 176 (1972). Rather, we are responsible as the court of review for making certain that the sentencing judge's rejection of the treatment preferred by

Congress for youth offenders is a knowing and rational determination in compliance with the statutory command. *See* Smith v. United States, D.C.App., 304 F.2d 28 (1973); Austin v. United States, D.C.App., 299 A.2d 545 (1973). Judge McGowan's opinion for the United States Court of Appeals in Reed v. United States, *supra*, seems particularly apt:

> The awesome and difficult task of sentencing continues to be vested in the one man who is best circumstanced to discharge it wisely, that is to say, the trial judge. The Youth Corrections Act does not change that, nor does it contemplate wholesale appellate intrusion into that process. What Congress has done . . . is to require of the sentencing court in one limited but highly important area of sentencing the exposure on the record of the factors which informed and shaped the particular exercise of its discretion. An appellate court can only be concerned with the rationality of those factors in relation to the Congressional objectives. Where that rationality is present and visible, its function is at an end. (476 F.2d at 1150.)

■ We hold that when the trial court imposes adult punishment upon a youth offender the record (1) must show that the sentencing judge was aware of the defendant's eligibility for Youth Act treatment and considered this treatment before imposing the adult sentence, and (2) must contain an explicit and reasoned determination that the defendant would *not* derive rehabilitative benefit from Youth Act treatment. Since an explicit and reasoned determination that appellant will not derive benefit from Youth Act treatment is absent

---

1. In Cox v. United States, *supra*, the Fourth Circuit in remanding the case directed the District Judge
> [to] explicitly find whether or not treatment under the Act would be beneficial to Cox. Should he find that it would not be, he should state his reasons, but leave the sentence undisturbed. . . .
> (473 F.2d at 337.)

In United States v. Coefield, *supra*, the District of Columbia Circuit deemed essential,
> a statement of reasons by the sentencing judge if these special provisions are not being utilized and the youth offender is sentenced as an adult. . . .
> (476 F.2d at 1157.)

from the record in this case the sentence of imprisonment must be vacated and the case remanded for proper sentencing.

So ordered.