**Jerry L. SKINNER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6930.**

District of Columbia Court of Appeals.

Argued July 17, 1973.

Decided Oct. 9, 1973.

---

Ira M. Shepard, Washington, D. C., appointed by this court, with whom Kenneth F. Hickey, Washington, D. C., also appointed by this court, was on the brief, for appellant.

Joseph B. Valder, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Percy H. Russell, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and PAIR, Associate Judges.

PAIR, Associate Judge:

Appellant and two codefendants[1] were charged in a 14-count indictment with armed robbery,[2] robbery,[3] assault with a dangerous weapon,[4] assault on a police officer with a dangerous weapon,[5] assault on a police officer,[6] carrying a dangerous weapon[7] and receiving stolen property.[8] After a jury trial they were found guilty on two counts of armed robbery, two counts of assault with a dangerous weapon, two counts of assault on a police officer with a dangerous weapon, one count of carrying a dangerous weapon, and one count of receiving stolen property. Appellant was sentenced to a term of from seven to twenty-eight years imprisonment and this appeal followed.

Error is claimed (1) in admitting into evidence at trial the lineup identification made by a government witness, (2) in denying appellant's motion for a mistrial because of disclosures at trial respecting disturbances at the District of Columbia Jail, and (3) in failing to instruct the jury that findings on the assault with a danger-

---

1. Codefendant Martin was found guilty of two counts of armed robbery and two counts of assault with a dangerous weapon, and did not appeal. Codefendant Kenlaw pleaded guilty to attempted robbery and testified for the government at trial.

2. D.C.Code 1967, §§ 22–2901 & 22–3202.

3. D.C.Code 1967, § 22–2901.

4. D.C.Code 1967, § 22–502.

5. D.C.Code 1967, § 22–505(b).

6. D.C.Code 1967, § 22–505(a).

7. D.C.Code 1967, § 22–3204.

8. D.C.Code 1967, § 22–2205.

ous weapon counts should be made only where findings of not guilty had been made on the armed robbery counts. After a thorough review of the record and briefs and after consideration of oral argument, we find no error requiring reversal.[9] However, because the assault with a dangerous weapon counts were merged with the armed robbery counts, we simply vacate two of the assault with a dangerous weapon convictions.[10]

At trial the evidence was that shortly before the commission of the offenses charged in the indictment, Officers Albright and Vigrass observed appellant and his codefendant (Martin) looking through the windows of a small grocery store. It appearing to the officers that appellant and his companion were "casing the place", the officers followed them to a second store, the Garden Market. At or about 4:00 p. m., appellant and his companion were observed to enter the latter store. It appears that after asking for some candy the two men approached the counter and grabbed the proprietors, Mr. and Mrs. Stark. The shorter of the two men (appellant) pulled a gun. Martin—the other man—then opened the cash register and removed its contents—some $30. Dissatisfied with the amount, appellant demanded more money. Mr. Stark showed appellant the day's "paid-out" sheet and told him there was no more money. Appellant thereupon shot Mr. Stark in the neck and, with Martin, attempted to flee. Intercepted by the police as they left the store, Martin surrendered but appellant escaped, entered a car parked around the corner, and was driven away as gunfire was exchanged between appellant and the police.

A citizen noted the license tag number of the car and informed the police who determined that the car was registered to a Mr. Kenlaw. A short time thereafter the police went to the home of Kenlaw and were directed to the vehicle which was parked in the rear. Bullet holes were observed in the vehicle and, upon inquiry of Kenlaw, he handed the police a .38-caliber revolver which he said appellant gave him after leaving the scene of the robbery.

The testimony of Kenlaw was that at about 3:30 p. m., that day, he drove appellant and Martin to Georgetown and parked near the scene of the robbery. Some ten minutes later he observed appellant pursued by the police in an exchange of gunfire. Appellant got in the car and, en route to Kenlaw's home, appellant told Kenlaw that he had shot someone. Kenlaw admitted that when the police arrived some ten minutes after he got home, he gave them the gun and took them to appellant's home. When arrested $25 in bills were recovered from appellant's person.

The clothes worn by appellant at the time of his arrest were identified by each of four witnesses as similar to the clothing worn by the person who fled the scene of the robbery. At trial appellant was identified by Mrs. Stark, Mr. Stark and Officers Albright and Vigrass, and also by his accomplice (Kenlaw).

Appellant contends that reversal is required because an allegedly tainted lineup identification by Mrs. Stark was erroneously admitted into evidence. We disagree. There is no showing in the record that the lineup was impermissibly suggestive or that Mrs. Stark was led by the police into an identification of appellant. While there are apparent inconsistencies in Mrs. Stark's testimony they are, in our view, attributable solely to the difficulty she experienced in the use of the English

---

9. Appellant was found guilty on two counts of armed robbery and two counts of assault with a dangerous weapon.

10. See United States v. Johnson, 475 F.2d 1297, 1298–1299 (D.C.Cir.1973). The government concedes that the sentence must be vacated as a lesser included offense.

language. However, her immediate identification of appellant at the lineup was unequivocal. Moreover, Mrs. Stark's in-court identification had an independent source, *viz.*, her excellent opportunity to view appellant during the robbery. *See* United States v. Lee, 148 U.S.App.D.C. 341, 343, 459 F.2d 1365, 1367 (1972). But, in addition to all of this, appellant was identified at trial by four eyewitnesses who observed appellant fleeing the scene of the robbery.

Appellant contends also that the court erred when it denied his motion for a mistrial. During the trial appellant was in custody at the District of Columbia Jail and, because of a disturbance at the jail, a continuance of the trial was required. Appellant's theory is that the riots stigmatized him and made it impossible for him to receive a fair trial. The record, however, rebuts this claim. The trial court explicitly informed the jury that appellant was in no way involved in the jail disturbance and allowed counsel to *voir dire* the jury as to the matter. The jurors indicated by their silence that the disturbance would in no way affect their consideration of the case. In addition, the court continued to inquire of the jury each day before the proceedings commenced whether they had received any information pertaining to the disturbance which might be prejudicial to appellant. In fact, the court regularly instructed the jury to avoid all contact with publicity dealing with the disturbance and, absent any showing to the contrary, we assume the jurors obeyed the instructions of the court. *Cf.* Silverthorne v. United States, 400 F.2d 627 (9th Cir. 1968). Thus we find no merit in the argument that appellant was denied his right to a fair trial.

Accordingly, appellant's convictions on the counts for assault with a dangerous weapon are vacated. The convictions on all other counts are affirmed.

So ordered.