UNITED STATES of America

v.

**Edward L. INGE, Jr., Appellant.**

**No. 73–1311.**

United States Court of Appeals, District of Columbia Circuit.

March 14, 1974.

Elliott C. Lichtman, Washington, D. C. (appointed by this court) was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and Barry W. Levine, Asst. U. S. Attys., were on the brief, for appellee. Regina C. McGranery, Asst. U. S. Atty., entered an appearance for appellee.

Before McGOWAN and MacKINNON, Circuit Judges, and CHRISTENSEN,* United States Senior District Judge for the District of Utah.

PER CURIAM:

■     Appellant attacks the sufficiency of the evidence to support his convictions of armed robbery (D.C.Code §§ 22–2901, 22–3202) and assault with a dangerous weapon (D.C.Code § 22–502). It is unquestioned that the offenses were committed as charged by three robbers and that appellant was identified by the victim, Behm, as being the number three robber. It is the evidence on identification that appellant claims to be insufficient. On this issue the court charged the jury in a most complete manner,[1] the instruction was not objected to and we approve it. Viewing the evidence in the light most favorable to the

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. I instruct you now on the law of identification. One of the most important issues in this case is the identification of Defendant as the perpetrator of the crime.

The Government has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his statement.

However, you the jury must be satisfied beyond a reasonable doubt of the accuracy of the identification of the Defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the Defendant was the person who committed the crimes, you must find the Defendant not guilty.

Identification testimony is an expression of belief or impression by the witness. Its value depends upon the opportunity the witness had to observe the offender at the time of the offenses and to make reliable identification later.

In appraising the identification testimony of a witness, you should consider the following:

First, are you convinced that the witness had the capacity and an adequate opportunity to observe the offender.

Whether the witness had an adequate opportunity to observe the offender at the time of the offenses will be affected by such matters as how long or short a time is available, how far or close the witness was,

how good were the lighting conditions, whether the witness had had occasions to see or know the person in the past.

In general, a witness bases any identification he makes on his perception and the use of his senses. Usually a witness identifies an offender by the sense of sight, but this is not necessarily so. He may use other senses, such a[s] hearing, feeling and so on.

Secondly, are you satisfied the identification made by the witness subsequent to the offenses is the product of his own recollection?

You may take into account both the strength of the identification and the circumstances under which the identification was made.

If the identification by the witness may have been influenced by the circumstances under which the Defendant was presented to him for identification, you should scrutinize the identification with great care.

You may also consider the length of time that elapsed between the occurrence of the crimes and the next opportunity of the witness to see the Defendant as a factor bearing upon the reliability of the identification.

Four, finally, you must consider the credibility of each identification witness in the same way as any other witness.

Consider whether he is truthful, consider whether he had the capacity and opportunity to make a reliable observation of the matter covered in his testimony.

I again emphasize the burden of proof on the Prosecutor extends to every element of the crimes charged and this specifically in-

jury's verdict, we find the evidence, set forth below, to be sufficient and we affirm the judgment of conviction of armed robbery but vacate the judgment with respect to assault with a dangerous weapon, it being a lesser included offense of the principal offense. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973); United States v. Anderson, 160 U.S.App.D.C. —, 490 F.2d 785 (1974).

■ Behm operated a coin-operated laundromat and dry cleaning establishment and the robbery occurred at that place of business as he was closing up for the night. Two robbers without masks entered first and then came the third robber with a stocking mask cut from a woman's stocking. Behm testified that he recognized the third robber as soon as he "first saw him" as being a customer of his. The room was well lighted and he had an opportunity to observe him for about thirty seconds. He recognized him from his profile, his manner of walking, his posture, his height, weight and hair style (Tr. 13, 16, 17, 18, 19, 22). From these physical features he "had no doubt about who it was" (Tr. 17). According to Behm's testimony he had seen appellant many times previously, he came into the laundromat regularly with dry cleaning (Tr. 16) and he had occasion to remember him as one who frequently complained about the work (Tr. 19). Behm also testified that he had heard appellant's voice many times and said at the time of the robbery, "I believe I have heard his voice before" (Tr. 17). With commendable candor, however, he said he "couldn't be positive on voice" (Tr. 26).

With all this background Behm could not remember appellant's name, but when he described the man to his wife, who helped in the laundromat, she suggested that Inge met the description. This name was supplied to the police

and in due time Behm was shown a number of photographs from which he selected one of Inge as being the number three robber. He made a similar selection of Inge's photograph in court.

Behm's testimony was also buttressed by the fact that, according to his testimony, Inge had been in the laundromat two days before at about closing time and he had then been accompanied by the other two robbers.

Another fact of some probative value is that a wallet stolen in the robbery was found wrapped in a stocking mask on the route between the laundromat and Inge's home.

Under the circumstances cited above the question of identity was for the jury on proper instructions.

Judgment accordingly.

---

cludes the burden of proving beyond a reasonable doubt the identity of the Defendant as the perpetrator of the crimes with which he stands charged.

If after examining the testimony you have a reasonable doubt as to the accuracy of the identification, you must find the Defendant not guilty. (Tr. 117–120.)