**Elmer QUICK, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7465.**

District of Columbia Court of Appeals.

Argued Feb. 14, 1974.

Decided March 20, 1974.

Kenneth D. Salomon, Washington, D. C., with whom Philip B. Brown, Washington, D. C., appointed by this court, was on the brief, for appellant.

William I. Martin, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before KELLY, NEBEKER and PAIR, Associate Judges.

7. *Compare* note 2 *supra, with* notes 3 and 4 *supra* and accompanying text.

PAIR, Associate Judge:

This appeal is from judgments of conviction entered after a jury trial on two counts of assault with a dangerous weapon (ADW),[1] one count of assault with intent to commit robbery,[2] and one count of armed robbery.[3]

Sentences of two to six years were imposed on each ADW count and three to nine years on the counts of armed robbery and assault with intent to commit robbery, the sentences to run concurrently.

On this appeal it is contended that the trial court erred (1) in receiving a verdict and in imposing sentence on the two ADW counts after having received a verdict on the counts of armed robbery and assault with intent to commit robbery, and (2) in denying his motion for a new trial based on newly discovered evidence.

▬ The government concedes that the ADW counts were lesser-included offenses and that the court erred in accepting the ADW verdicts and imposing sentences thereon. *See* United States v. Benn, 155 U.S.App.D.C. 180, 476 F.2d 1127 (1972). Accordingly, we vacate the two ADW convictions.

Appellant and a codefendant were tried for the assault and robbery of a Mr. and Mrs. Gant. The record discloses that there were on-the-scene and in-court identifications of appellant by the Gants and a Mr. Henson. Appellant's defense was that of innocent presence, and the court instructed the jury on appellant's theory of the case, after which verdicts of guilty were returned as indicated above.

▬ On the ground of newly discovered evidence, appellant moved for a new trial. At the hearing, appellant's counsel represented to the court that, prior to trial, appellant had told him that he was an innocent bystander and that, sometime after the

conclusion of the trial, appellant informed him that an attempt had been made on his (appellant's) life by the "real" robber, whom appellant and another witness could identify. Counsel represented further that, because of fear for his life, appellant had not previously given him this information. The trial court denied the motion, and we think correctly so.

In Thompson v. United States, 88 U.S. App.D.C. 235, 236, 188 F.2d 652, 653 (1951), the court pointed out the guiding criteria which must control the exercise of discretion in the consideration of a motion for a new trial on the ground of newly discovered evidence, saying:

> To obtain a new trial because of newly discovered evidence (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issue involved; and (5) of such nature that in a new trial it would probably produce an acquittal. . . .

*See also* Heard v. United States, D.C.App., 245 A.2d 125, 126 (1968); accord, United States v. Gaither, 142 U.S.App.D.C. 234, 236, 440 F.2d 262, 264 (1971).

In the case at bar the trial judge found that the alleged "newly discovered" evidence which defense counsel proffered was not "newly discovered" at all since appellant was aware of the information prior to and during trial and consciously failed to disclose it to his counsel. *See in this connection* Saunders v. United States, 91 U.S. App.D.C. 90, 197 F.2d 685 (1952); Thompson v. United States, *supra* at 236 of 88 U.S.App.D.C., 653 of 188 F.2d; Heard v. United States, *supra* at 126 of 245 A.2d.

But whatever view may be taken of the alleged newly discovered evidence, the

---

1. D.C.Code 1973, § 22–502.

2. D.C.Code 1973, § 22–501.

3. D.C.Code 1973, § 22–3202.

inescapable fact is that appellant was positively identified by the complaining witness (Alean Gant) and Mr. Henson who also witnessed the offenses, and was arrested almost immediately by the police near the scene of the offenses.

Given the fact that appellant was caught immediately after the commission of the offenses on the strength of positive identifications by the eyewitnesses, it is highly unlikely that any additional testimony by the appellant or any such testimony by the alleged missing witness, cumulative of appellant's defense of innocent presence, would produce a different result. *See* United States v. Gaither, *supra,* 142 U.S. App.D.C. at 236, 440 F.2d at 264; Williams v. United States, D.C.App., 295 A.2d 503, 505 (1972).

We conclude therefore that the denial of appellant's motion for a new trial on the basis of newly discovered evidence was not an abuse of discretion. It follows that the judgment appealed from is affirmed, as modified.

So ordered.