**Marcus B. LAWRENCE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 7377.

District of Columbia Court of Appeals.

Argued March 21, 1974.

Decided April 4, 1974.

Allen D. Evans, Oklahoma City, Okl., appointed by this court, with whom Lawrence J. Winter, also appointed by this court, was on the brief, for appellant.

Edward D. Ross, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Percy H. Russell, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

PER CURIAM:

This is an appeal from the Criminal Division of the Superior Court of an adult sentence of 3 to 15 years following appellant's conviction by a jury of armed robbery (D.C.Code 1973, §§ 22–2901, 22–3202). He was 19 years old when convicted.

The only claim of error advanced by appellant is that the reasons assigned by the trial judge for imposing adult punishment, notwithstanding appellant's eligibility for Youth Corrections Act treatment, "did not adequately show the requisite relationship to Congressional purposes of rehabilitation." The study report, undertaken pursuant to 18 U.S.C. § 5010(e) (1970) at the request of the trial court, recommended a Youth Corrections Act sentence, and the Board of Parole concurred while noting misgivings on its part. These recommendations are to serve only as aids for the judge, who must bear the ultimate responsibility for imposing sentence.

It is conceded by appellant that the trial court made "an explicit finding that defendant Lawrence would not benefit from the programs available under the Federal Youth Corrections Act . . . ."

While we do not think that a judge's reasons for imposing an adult sentence are absolutely unreviewable, we see the scope of our review of those reasons as being very limited. *See* Reed v. United States, D.C.App., 312 A.2d 775 (1973).

In Small v. United States, D.C.App., 304 A.2d 641, 644 (1973), we recently quoted with approval language from United States v. Reed, 155 U.S.App.D.C. 198, 476 F.2d 1145 (1973), to the effect that the Youth Corrections Act was not intended to lessen the degree of discretion vested in the trial court with respect to sentencing and that the Act did not "contemplate wholesale appellate intrusion .into that process." United States v. Reed, *supra* at 203, 476 F.2d at 1150.

■ We have carefully examined the record and the briefs of the parties and find that the trial court's reasons for not sentencing appellant to a Federal Youth Corrections Act sentence were clearly stated and constituted a rational determination that appellant would not derive rehabilitative benefit from the Act. In short, they satisfy the requirements of that Act.

Affirmed.