Jesse **HARRIS, Jr.,** Appellant,

v.

**UNITED STATES,** Appellee.

No. 7748.

District of Columbia Court of Appeals.

Argued May 15, 1974.

Decided June 17, 1974.

Frank N. Masino, Washington, D. C., appointed by this court, for appellant.

David R. Addis, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Robert E. L. Eaton, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

On this appeal the only question presented is whether the trial judge acted properly in sentencing appellant to an adult, rather than a "Youth Act", sentence. (18 U.S.C. § 5005 et seq. (1970).)

After the appellant pled guilty to one count of armed robbery he was sent for a report and recommendation pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010(e) (1970).

After a sentencing hearing the trial court stated that it agreed "with the recommendation of the Classification Committee, Parole Board and also the psychologist" that defendant be sentenced as an adult. The court added that it wanted to say more about its reasons and, after doing so, stated: "I conclude that Mr. Harris would not benefit by the commitment to the Youth Center . . . ." Upon pronouncing sentence the court said: "For those reasons, I'm going to impose an adult sentence in this case, as follows . . . ."

The trial court went well beyond what is required of it by the Act. Lawrence v. United States, D.C.App., 318 A.2d 890 (1974); Reed v. United States, D.C.App., 312 A.2d 775 (1973); Small v. United States, D.C.App., 304 A.2d 641 (1973).

We reiterate that the Youth Corrections Act was not intended to lessen the degree of discretion vested in the trial court, with respect to sentencing, and that the Act did not "contemplate wholesale appellate intrusion into that process". United States v. Reed, 155 U.S.App.D.C. 198, 203, 476 F.2d 1145, 1150 (1973); Lawrence v. United States, *supra,* 318 A.2d at 891.

It is clear that the trial court "was aware of the defendant's eligibility for Youth Act treatment and considered this treatment before imposing the adult sentence", and that an "explicit and reasoned determination that the defendant would *not* derive rehabilitative benefit from Youth Act treatment" was made by the court. Small v. United States, *supra*, 304 A.2d at 644 (emphasis in original).

Affirmed.