Willie J. EDWARDS, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 7178.

District of Columbia Court of Appeals.

Argued Dec. 5, 1973.

Decided Nov. 20, 1974.

———◆———

David W. Brinkman, Washington, D. C., appointed by the court, with whom Paul M. Kokulis, Washington, D. C., also ap-

pointed by the court, was on the brief, for appellant.

Harry R. Benner, Asst. U. S. Atty. with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and James F. Flanagan, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant and a codefendant, Timothy R. Thomas, were convicted by a jury of armed robbery (D.C. Code 1973, §§ 22–2901, 22–3202), and assault with a dangerous weapon (D.C. Code 1973, § 22–502). Thomas was also convicted of carrying a dangerous weapon (D.C. Code 1973, § 22–3204). The errors claimed on appeal are (1) that the in-court admission by codefendant Thomas of essential elements of the crime of armed robbery, with which both defendants were charged, deprived appellant of a fair trial and (2) that appellant's conviction of assault with a dangerous weapon, a lesser included offense of armed robbery, cannot stand.

The government concedes the validity of appellant's second claim of error.[1] Accordingly, we vacate appellant's conviction of assault with a dangerous weapon. The judgment of conviction of armed robbery is affirmed.

The testimony was that at 8:45 a. m. on August 26, 1972, Stephen Edwards, Jr., an employee of Boone and Sons, Jewelers, Inc., 1406 New York Avenue, N. W., was unlocking the door of the store when Timothy R. Thomas came up behind him with a gun and told him to get inside and lie down. Once inside the store, again on instructions from Thomas, Edwards crawled to the back and started to open the safe. Appellant then entered the store and, hear-ing the noise, Edwards turned to see who was there. Thomas immediately told Edwards not to look around and struck him over the head with the gun. When Edwards had opened the safe Thomas ordered him to lie down in the back room. After Thomas removed his finger rings and some money from his wallet, Edwards was handcuffed. During this entire time appellant remained in the main room near the front door.

About 9:00 a. m. Dennis R. Boone drove up and noticed Ray Soo, another employee, standing in front of the store. As Boone opened the door of his place of business, appellant, brandishing a pistol, invited them in. Instead of entering the store, Boone slammed the door shut and ran behind some cars parked at the curb. Soo ran to a nearby store. Appellant then exited the store carrying an Army surplus bag and a pistol, followed by Thomas, who was carrying a black case, a white tool case, and a pistol.

Appellant and Thomas ran across New York Avenue, through a parking lot, and left on H Street, with Boone in pursuit. Meanwhile, one Clyde Wallace emerged from the neighboring Spy Shop with a rifle and also gave chase. He yelled for Thomas and appellant to stop and Thomas obeyed. Appellant ran into the Woodward Building. Boone and Wallace disarmed Thomas and recovered some of the stolen property from his possession. Shortly thereafter appellant was apprehended by the police in the basement of the Woodward Building. Some weeks later a bag containing more stolen property was recovered from the trash room of that office building. Both Edwards and Boone testified that they had never seen appellant or Thomas before.

After Edwards and Boone had testified for the government, appellant's attorney

1. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973); United States v. Wimbush, 154 U.S.App.D.C. 236, 475 F.2d 347 (1973). *See also* Taylor v. United States, D.C.App., 324 A.2d 683 (1974); Quick v. United States, D.C.App., 316 A.2d 875 (1974).

had occasion to advise the court that the defense would be that the robbery of the jewelry store had been staged at Boone's specific request; that Edwards was aware of the plan; and that only Soo's appearance on the scene, and later that of Wallace, had foiled the plan. This theory of defense was again advanced after the government rested insofar as it related to Edwards' consent to the taking of his personal property. Defense counsel assured the court that Edwards' consent thereto would be established by either direct or circumstantial evidence.

Thomas was the sole defense witness. He testified that in the spring of 1972 he, appellant, and one Lancelot Ward discussed the staged robbery with Boone.[2] The plan was to commit the robbery and later return the jewelry to Boone in return for a payment of $25,000. Thomas was ultimately told by Boone that the robbery should take place on August 26, and he and appellant obliged. He testified that he forced Edwards into the store at gunpoint and handcuffed him so that he could not escape. He took rings and money from Edwards; he and appellant stole jewelry from the store. Thomas also testified that he had never talked to Edwards before the day of the robbery.

Appellant contends here that he and codefendant Thomas had prepared a joint defense based on the consent of Boone and Edwards to a staged robbery so that Boone could make a fraudulent insurance claim. To appellant's surprise, however, Thomas testified that he had not known Edwards before the robbery and that he had taken rings and money from a protesting Edwards while appellant was in the front of the store. It was at that point, appellant argues, that any defense of consent insofar as an armed robbery of Edwards was concerned (as opposed to the taking of store property) was demolished and it was then too late for him to come forth with an alternative defense to the charge. He requests this court to rule that under these circumstances it was plain error for the trial court to allow the joint trial to proceed.

If appellant is arguing, as he seems to be, that the trial court should sua sponte have granted a severance after Thomas testified, the argument is without merit. If counsel had concluded that the planned joint defense to the charge of armed robbery had to be abandoned in favor of a separate defense, he took no action to implement that decision. Indeed, he candidly admitted when discussing instructions that a defense theory of the case no longer existed insofar as the Edwards robbery was concerned. No motion was made to allow the trial court to exercise its discretion to grant a severance,[3] so the point was not preserved for appeal.[4] And appellant has not demonstrated any prejudice occasioned by his codefendant's testimony which would justify a holding of plain error in allowing the joint trial to proceed.[5]

Accordingly, the judgment of conviction of assault with a dangerous weapon is vacated and the judgment of conviction of armed robbery is affirmed.

So ordered.

2. Counsel had planned to call Lancelot Ward as a witness but after talking with him decided not to do so. Ward, who was not under subpoena, disappeared from the courthouse after speaking with appointed counsel and being informed of his right not to testify.

3. Coleman v. United States, D.C.App., 298 A.2d 40 (1972), cert. denied, 413 U.S. 921, 93 S.Ct. 3070, 37 L.Ed.2d 1043 (1973).

4. United States v. Gambrill, 146 U.S.App. D.C. 72, n. 53, 449 F.2d 1148, n. 53 (1971).

5. Appellant's claim that once a conflict arose in the case it was plain error to continue with the joint trial because the defendants were represented by retained counsel who practice law together is equally without merit. If there was any conflict at all, it was certainly not a conflict warranting a mistrial.