James JOHNSON, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 13004.

District of Columbia Court of Appeals.

Submitted July 19, 1978.

Decided Sept. 20, 1978.

Stephen S. Millstein, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James M. Hanny and William J. Birney, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

Appellant pleaded guilty to robbery, D.C. Code 1973, § 22–2901, and was sentenced by Judge Campbell to a term of 4 to 12 years in prison. In this appeal he asserts that the trial court erred in failing to sentence him under the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010 (1970). We affirm.

In a prior robbery conviction, appellant had been sentenced by Judge Burka to serve a term of 5 to 15 years, but execution of sentence was suspended and appellant was placed on probation under FYCA § 5010(a). While on probation, appellant was charged with the instant robbery. Upon learning of appellant's arrest, Judge Burka held a probation revocation hearing and committed appellant for observation under FYCA § 5010(e). After appellant had pleaded guilty to the instant offense, Judge Burka held a second hearing, revoked probation, and sentenced appellant to an indefinite term under FYCA § 5010(b). Ten days later, appellant appeared before Judge Campbell for sentencing in the instant case. Appellant's counsel represented to Judge Campbell that appellant had just been committed under the FYCA to a term of up to six years and requested that the court impose a youth sentence. Judge Campbell noted that appellant, who was then twenty-one years old, had committed the instant offense while on probation. He stated, "I don't believe the Federal Youth Corrections Act will help him," and imposed the adult sentence.

Appellant argues that Judge Campbell erred in imposing an adult sentence where

(1) appellant had so recently been sentenced to an FYCA sentence upon the recommendation of the Probation Department and the Youth Center and (2) Judge Campbell failed to articulate his reasons for finding that appellant would not benefit from a youth sentence.

■ The necessary predicate of appellant's argument is that Judge Campbell was, to some extent, bound by the prior action of Judge Burka. Thus, appellant argues that Judge Campbell "erred in *altering* the prognosis of appellant's ability to benefit from youth treatment . . . ." Brief of Appellant at 2 (emphasis added). Were Judge Burka's decision the "law of the case," or were the government somehow collaterally estopped from seeking a more severe sentence before Judge Campbell, appellant's argument might be persuasive, for the record does not reveal that there was any relevant factor before Judge Campbell that was not before Judge Burka when Judge Burka determined that appellant would benefit from a youth commitment. But to import such concepts into the determination of whether a defendant would benefit by youth treatment would be to deny, in part, an essential prerequisite to that determination: that each sentencing judge exercise his own discretion, a discretion which cannot be delegated. *See, e. g., Lawrence v. United States,* D.C.App., 318 A.2d 890 (1974); *United States v. Dancy,* 166 U.S.App.D.C. 399, 510 F.2d 779 (1975). Judge Campbell could not, therefore, decline to exercise his discretion by deferring to the determination made by Judge Burka.

■ That two sentencing judges independently exercised their discretion effectively distinguishes the instant case from cases in which the same sentencing judge imposes both an adult sentence and a youth commitment. *Compare Cole v. United States,* D.C. App., 384 A.2d 651 (1978) (imposition by same judge in same proceeding, of both youth and adult sentences) *with United States v. Stoddard,* 180 U.S.App.D.C. 209, 553 F.2d 1385 (1977) (imposition of adult sentence by same judge who had earlier imposed youth sentence, where new infor-

mation became available in interim). Simultaneous findings by the same judge that a defendant both would and would not benefit by youth commitment are legally impossible under present statutory conditions. But that two sentencing judges, in the separate exercise of their discretion, reach entirely opposite conclusions in the face of the very same information does not invalidate either conclusion, for "the [Youth Corrections] Act was intended to preserve the unfettered the sentencing discretion of [sentencing] judges." *Dorszynski v. United States,* 418 U.S. 424, 433, 94 S.Ct. 3042, 3050, 41 L.Ed.2d 855 (1974). *See also Roddy v. United States,* 509 F.2d 1145 (10th Cir. 1975); *Nast v. United States,* 415 F.2d 338 (10th Cir. 1969). Were we to hold, moreover, that a prior determination is, absent new information or changed circumstances, binding upon another judge's subsequent exercise of discretion, then the imposition of an adult sentence by one judge would preclude youth treatment by another—a result clearly inconsistent with the purpose of the Act "to add to the array of sentencing options previously available" to sentencing judges. *Dorszynski v. United States, supra* 418 U.S. at 433, 94 S.Ct. at 3048.

Appellant argues, however, that Judge Campbell should have articulated the reasoning process by which he concluded that appellant would not benefit by youth commitment. In *Small v. United States,* D.C. App., 304 A.2d 641 (1973), we held that "the record . . . must contain an explicit and *reasoned* determination that the defendant would not derive rehabilitative benefit from Youth Act treatment." *Id.* at 644 (emphasis added). This requirement was imposed not in order that we might "second guess" the sentencing judge but in order to "[make] certain that the sentencing judge's rejection of the treatment preferred by Congress for youth offenders is a knowing and rational determination in compliance with the statutory command." *Id.* We held, in other words, that a reasoned decision was necessary to the sentencing *process,* even if the result of that process was not reviewable.

This distinction between the sentencing process and the resulting sentence was confirmed in *Dorszynski.* But the sentencing process, as delineated by that Court, did not include a requirement that the sentencing judge articulate the reasons for his conclusion. Rather, the Court held, "[o]nce it is made clear that the sentencing judge has considered the option of treatment under the Act and rejected it, . . . no appellate review is warranted." *Dorszynski v. United States, supra* 418 U.S. at 443, 94 S.Ct. at 3053. Because "the Act does not require that [the finding of no benefit] be accompanied by supporting reasons," *id.* at 425–26, 94 S.Ct. at 3044, our conclusion in *Small* that the articulation of reasons is a necessary part of the sentencing process must be deemed to have been overruled by *Dorszynski.*

For the foregoing reasons, the judgment of the trial court is

*Affirmed.*