UNITED STATES of America

v.

Jerome JOHNSON, Appellant.

UNITED STATES of America

v.

Samuel A. SMITH, Jr., Appellant.

Nos. 23886, 24331, 72–1271, 23887, 72–1326.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 18, 1973.

Decided Feb. 26, 1973.

———◆———

Frank J. Costello, Washington, D. C. (appointed by this Court for appellant in No. 72–1326), argued for appellants.

Stephen S. Millstein, Washington, D. C. (Appointed by the Court for appellant in Nos. 23,886, 24,331, and 72–1271).

Julius A. Johnson, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and TAMM and WILKEY, Circuit Judges.

BAZELON, Chief Judge:

Smith and Johnson were tried jointly before a jury and convicted of four counts of robbery while armed and five counts of assault with a dangerous weapon. Johnson was also convicted of one count of carrying a pistol without a license.

On their appeal, the Government conceded that the trial court erred by failing to order sua sponte an identification hearing as required by our opinions in Clemons v. United States, 408 F.2d 1230, 133 U.S.App.D.C. 27 (1969), and Solomon v. United States, 408 F.2d 1306, 133 U.S.App.D.C. 103. It contended, however, that the error was harmless in the circumstances of this case. We disagreed and remanded the case for a hearing on the pre-trial identifications, reserving the other issues raised in the appeal.[1]

A hearing was held on July 23, 1971, and the trial judge entered an order and opinion on March 14, 1972, holding that all pre-trial identifications had been proper and all identification evidence had been properly admitted. Both defendants have appealed from these rulings and have renewed their original appeals. New briefs have been submitted and the case has been reargued. Having carefully considered the judge's rulings on remand, and acknowledging his broad responsibility for resolving conflicts in testimony, we hold that the identifications were properly admitted under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

On the renewed appeal, we affirm the armed robbery convictions and the conviction for assault with a dangerous weapon on Albert Traylor, designated as count 13 in the indictment. But we reverse the convictions for assault with a dangerous weapon on each of the four individuals found to have been robbed, and we vacate all sentences imposed and remand for resentencing.

The indictment contained fourteen counts. The first twelve consisted of four sets of three offenses: robbery while armed, robbery, and assault with a dangerous weapon. Each set designated a different victim. The jury returned a verdict of guilty on each of the four counts of robbery while armed. It returned no verdicts on the simple robbery counts. And it returned a verdict of guilty on each of these four counts of assault with a dangerous weapon. Additionally, it returned a verdict of guilty on count 13, which alleged an assault with a dangerous weapon on a fifth individual, Albert Traylor, who was present at the scene of the offense but was not robbed. The fourteenth count is no longer before us. See note 1 supra.

In view of some variance in the wording of the relevant statutes, there has been some doubt in this circuit as to whether assault with a dangerous weapon, 22 D.C.Code § 502 (1967), is a lesser included offense of robbery, 22 D.C.Code § 2901 (Supp. V, 1972), while armed, 22 D.C.Code § 3202 (Supp. V, 1972). See Sutton v. United States, 434 F.2d 462, 472, 140 U.S.App.D.C. 188 (1970). We now hold that it is, and that this ruling is required by our previous decisions construing 22 D.C.Code § 3202 (Supp. V, 1972). See Wimbush v. United States, 154 U.S.App.D.C. ——, 475 F.2d 347 (1973); United States v. Benn & Hunt, 155 U.S.App.D.C. ——, 476 F.2d 1127 (1972). It follows that it was error to receive verdicts from the jury on counts 3, 6, 9 and 12.[2]

---

1. The Government also conceded in its brief that there was no evidence in the record to sustain the conclusion that appellant Johnson had no license for the pistol. That conviction, on the count designated 14 in the indictment, was therefore reversed.

2. Indeed, the trial judge appears to have understood the law to require this result when he charged the jury.

   [I]f you find the defendants guilty of armed robbery, any one or all of counts one, four, seven and ten, then you need not consider the counts alleging the robbery, *and assault with a dangerous weapon* on the same complainant.

   (emphasis added.) Yet for reasons that do not appear on the record, the Deputy Clerk called for verdicts on the assault counts and the jury foreman provided them. And neither defense counsel, the trial judge, nor the prosecutor objected.

■ We also think that all of the remaining sentences must be vacated and the case remanded for resentencing. The trial judge entered a formal judgment sentencing appellant Johnson as follows:

[A] Ten (10) to thirty (30) years on counts 1, 4, 7 & 10.

[B] Three (3) years to nine (9) years on counts 3, 5, 6, 9 & 12, said sentences to run consecutively.

[C] Three (3) years to nine (9) years on count 14, to run concurrently with sentences in counts 1, 4, 7, 10, 3, 5, 6, 9 & 12.

He entered a formal judgment sentencing appellant Smith to:

[A] Nine (9) years to twenty-seven (27) years on counts 1, 4 & 10.

[B] Two (2) years to six (6) years on counts 3, 6, 9, 12, 13 said sentences to run consecutively.[3]

The consequences of this arrangement are extremely problematic. The initial difficulty we encounter is determining the total length of appellants' sentences. We are not told whether the sentences on the armed robbery counts, designated [A] here, are to be served concurrently with each other.[4] We are told that the second group of sentences, designated [B] here, are to run "consecutively," but we cannot determine whether this means consecutively to each other, consecutively to the sentences designated [A], or both.[5] A similar problem exists with the sentence designated [C] here, but

that conviction has been reversed and we need not address it.

Our second difficulty arises because the counts on which the trial judge imposed sentences do not fully correspond to the counts on which the jury returned verdicts of guilty. Appellant Johnson was sentenced on count 5, a simple robbery count on which the jury did not rule. He was not sentenced on count 13, which charged the assault with a dangerous weapon on Albert Traylor, despite the jury's guilty verdict on that count. Appellant Smith was not sentenced on count 7, which charged the armed robbery of James Lewis, despite the jury's guilty verdict on that count.

Our final difficulty is that appellant Johnson's oral sentencing, on December 23, 1969, does not correspond to the written judgment entered the same day. At the oral sentencing the trial judge imposed sentences on the same ten counts that the jury rendered guilty verdicts on. Even if we accept this as his true intent, however, we are still unable to determine which sentences run consecutively to, or concurrently with, which others. Nor can we explain the imposition of sentences on the four assault counts in view of the fact that the trial judge had instructed the jury to disregard them if it found appellants guilty on the corresponding armed robbery counts. *See* note 2 *supra*.

There is some indication that all of the above, which compel a remand for resentencing, may be attributed to the performance of defense counsel. We put

---

3. Bracketing added.

4. With respect to our remand for resentencing, it may be appropriate to point out the following statute, enacted after Johnson and Smith were sentenced:

A sentence imposed on a person for conviction of an offense shall, *unless the court imposing such sentence expressly provides otherwise*, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires

proof of a fact which the other does not. 23 D.C.Code § 112 (Supp. V, 1972) (emphasis added).

5. On appeal both the Government and the newly appointed defense attorneys have assumed that the trial judge imposed two sets of concurrent sentences, one being the armed robbery sentences and the other the assault sentences, and intended the two sets to be imposed consecutively. While possible, we cannot say that this interpretation is more likely than a number of others.

aside the fact that defense counsels' failure to request a suppression hearing required a remand for an examination of the pre-trial identifications, as well as the fact that counsel failed to object when the jury returned verdicts in violation of the trial judge's instructions.[6] We address ourselves only to counsel's performance at sentencing.

The sum total of defense counsel's presentation at appellant Johnson's sentencing hearing reads as follows:

> My name is [deleted], appointed counsel in this case. I would like to call to the attention of the Court that the Defendant had asked that a new attorney be appointed and I wrote a letter to the Court and to advise the Defendant as to what steps he would take, but I am told now that he intended only to have a new attorney on appeal.

Counsel then sat silent while the defendant declined the opportunity to exercise his right of allocution. He remained silent while the trial judge imposed "consecutive" sentences on counts that the same trial judge—in counsel's presence—had instructed the jury to pass over. Finally, he said nothing when the trial judge prompted the prosecutor to state that a prior conviction existed in order to support a more severe sentence on count 14, carrying a pistol without a license.[7]

 This court has ruled that "[t]he right to effective assistance of counsel at the sentencing stage of the proceeding is guaranteed by the Constitution." Gadsden v. United States, 223 F.2d 627, 630, 96 U.S.App.D.C. 162. Although counsel's performance at sentencing is subject to standards of measurement,[8] we do not reach the question of effective assistance because we must vacate and remand for correction of the plain errors in the sentencing noted above.

The convictions of assault with a dangerous weapon in counts 3, 6, 9 and 12 are reversed. The convictions on all other counts are affirmed, but all sentences are vacated and the case is remanded for resentencing.

So ordered.

---

6. Regarding these matters, *see* Marshall v. United States, 436 F.2d 155, 159 n. 11, 141 U.S.App.D.C. 1 (1970); United States v. Thompson, 154 U.S.App.D.C. —, 475 F.2d 931 (1973).

7. He could have pointed out that the indictment did not charge a prior conviction. He should at the very least have demanded that the prosecutor produce evidence of a conviction, if indeed there was one that met the statutory requirements. See 22 D.C.Code § 3204 (1967).

8. *See* Standards Relating to the Defense Function, Approved Draft, 1971, American Bar Association Project on Standards for Criminal Justice (1971) § 8.1; Report of the National Advisory Commission on Criminal Justice Standards and Goals, to the National Conference on Criminal Justice, January 23–26, 1973, Corrections § 5.18.