**Edward L. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7371.**

District of Columbia Court of Appeals.

Argued Jan. 30, 1974.

Decided April 30, 1974.

Mark P. Schlefer, Washington, D. C., appointed by this court, with whom William H. Fort, Washington, D. C., also appointed by this court, was on the brief, for appellant.

Joseph B. Valder, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and Robert E. L. Eaton, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and HARRIS, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of an assault upon a correctional officer while armed with a dangerous weapon[1] and of assaulting, resisting, opposing, impeding and interfering with a correctional officer.[2] He was sentenced to concurrent prison terms of thirty months to ten years and one year to five years, respectively, said terms to be consecutive to all other pending sentences (life plus forty-three years).

The government's evidence was that on March 16, 1972, Officer Billy R. Maddox, a correctional officer at the District of Columbia Jail, was assigned to escort appellant across the street to the venereal disease clinic of D.C. General Hospital. Once there, appellant's handcuffs were removed in order that a blood sample could be taken. Shortly thereafter, an epidemiologist, Myron W. Robertson, entered the room and appellant asked to speak with him. A part of Robertson's responsibilities was to interview patients, including inmates of the D.C. Jail and Lorton Reformatory, and attempt to trace their contacts. He had spoken with appellant before in the course of his duties and knew he was an inmate at Lorton. Appellant, Robertson and Maddox went to a nearby room and a fifteen to twenty-minute interview ensued. After the interview, as appellant and Maddox rose to leave, appellant suddenly struck Maddox several times, causing him to fall and momentarily lose consciousness. Robertson grabbed appellant, dragged him to the door, and called for help. Appellant had meanwhile removed Maddox's pistol from its holster and pointed it at Maddox, but Robertson managed to prevent appellant from firing the weapon. When appellant was finally subdued, Robertson asked him why he had attacked Maddox, to which he replied: "I have nothing to lose. I'm a lifetimer."

The defenses were self-defense and insanity. Appellant testified that because Maddox was fumbling with his gun he thought he was being "set up" to be shot and that he attacked Maddox because he thought Maddox was going to force him to submit to a homosexual advance by Robertson. He struggled to get the weapon only to prevent Maddox from using it against him.

Dr. Eugene C. Stammeyer, a clinical psychologist from St. Elizabeths Hospital testifying as an expert on appellant's behalf, stated that from his examination of appellant he was of the opinion that appellant was mentally ill; namely, that he suffered from an explosive personality; that he was unable to control his temper in unusual or threatening situations; that he was preoccupied with the subject of homosexuality, and that his mental illness caused the conduct in question which resulted from the apparent belief that Maddox intended to hurt him and force him to submit to homosexual advances.

Dr. George Weickhardt, a psychiatrist formerly on the staff at St. Elizabeths Hospital, also testified that from his examination of appellant and of his medical reports it was his opinion that appellant was mentally ill and that his mental illness caused the conduct with which he was charged.

1. D.C.Code 1973, § 22–505(a) and (b).

2. D.C.Code 1973, § 22–505(a).

■ Appellant's principal claim of error on appeal[3] concerns the rebuttal testimony of Dr. John J. Maher, another clinical psychologist at St. Elizabeths Hospital. Dr. Maher supervised the ward to which appellant was assigned during his month's stay at St. Elizabeths and saw him on the ward. He expressed the opinion that appellant was neither mentally ill nor was he suffering from any personality disorder. The testimony which appellant deems critical is that when during direct examination Dr. Maher was asked by the prosecutor whether or not a staff conference was held with respect to appellant's mental condition he replied, without objection being made, in the affirmative. He recalled, again without objection, that there were two staff conferences held and, while he did not participate in the first conference, he was aware of the conclusion reached by the staff and it did not differ from his own opinion that appellant was not mentally ill.[4]

Dr. Dennis T. Kennedy, a psychiatrist who had interviewed appellant and his medical records before trial, also testified in rebuttal that in his opinion appellant was not suffering from a mental illness.

■ Appellant claims that it was plain error which this court may notice despite the lack of objection to allow Dr. Maher to testify about a psychiatric diagnosis reached at a staff conference which he did not attend. His point is that since conclusional psychiatric opinions are inadmissible under the Federal Shop Book Act[5] when the person rendering the opinion is not present for cross-examination, a fortiori such opinions are inadmissible as hearsay when no reliance is placed on the statute. The questions asked by the prosecutor were meant to, and did, he says, elicit answers which left the members of the jury with the impression that other qualified persons concurred in Dr. Maher's opinion. Were we disposed to view appellant's argument as valid, however, there is no clear showing here of a miscarriage of justice which would warrant our considering an alleged error raised for the first time on appeal. Adams v. United States, D.C.App., 302 A.2d 232 (1973). True, there was an obvious division of opinion concerning appellant's mental condition among the psychologists and psychiatrists testifying for the prosecution and for the defense. Yet it is not uncommon to admit opinion testimony based on reports of others in order to test the validity of the basis upon which an expert opinion rests. Brown v. United States, 126 U.S.App.D.C. 134, 375 F.2d 310 (1966), cert. denied, 388 U.S. 915, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967); Smith v. United States, 122 U.S.App.D.C. 300, 353 F.2d 838 (1965), cert. denied, 384 U.S. 974, 86 S.Ct. 1867, 16 L.Ed.2d 684 (1966); Jenkins v. United States, 113 U.S.App.D.C. 300, 307 F.2d 637 (1962). Moreover, other than to inquire as to who was at the conference, all that was said here was that those persons who participated in a staff conference at which Dr. Maher was not present concurred in his opinion of appellant's mental condition. No attempt was made to introduce any staff conference report, nor was any further reference made

---

3. The government does not contest the claim that appellant's conviction of an assault on a corrections officer, a lesser included offense of an assault on a corrections officer while armed, should be vacated. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973). The contention that it was error to deny appellant's pretrial motion to suppress the statement he made immediately after he was restrained is not persuasive. See, e. g., United States v. Birnstihl, 441 F.2d 368 (9th Cir. 1971); United States v. Fioravanti, 412 F.2d 407 (3d Cir.), cert. denied, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969).

4. His testimony was as follows:
   Q. Are you aware of the conclusion reached at the staff conference?
   A. Yes.
   Q. And did it differ from the opinion that you just rendered?
   A. No, it did not. [Tr. at 309.]

5. 28 U.S.C. § 1732(a) (1970). See, e. g., United States v. Bohle, 445 F.2d 54 (7th Cir. 1971).

to the substance of the staff conference recommendation either in direct or cross-examination. Additionally, the force of appellant's argument is considerably blunted by the fact that the government produced as a second expert witness a psychiatrist whose opinion, for which he gave reasons, also was that appellant was not mentally ill. These circumstances persuade us that we should not exercise our discretion to notice a claim of plain error.

The conviction of an assault on a correctional officer, conceded by the government to be a lesser included offense, is vacated. The judgment of conviction of an assault on a correctional officer while armed is

Affirmed.