**UNITED STATES of America**
v.
**Erwin L. COOPER, Appellant.**

**UNITED STATES of America**
v.
**Robert S. TURNER, Appellant.**
Nos. 73–1171, 73–1206.

United States Court of Appeals,
District of Columbia Circuit.
Argued May 31, 1974.
Decided Sept. 13, 1974.

Fahy, Senior Circuit Judge, concurred with qualifications and filed opinion in which Bazelon, Chief Judge, joined.

David R. Berz, Washington, D. C. (appointed by this court), for appellants. Charles Fabrikant, Washington, D. C. (appointed by this court), was on the brief for appellants.

Michael G. Scheininger, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and John O'B. Clarke, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and TAMM, Circuit Judge.

PER CURIAM:

In connection with the armed robbery of a bank, appellants were convicted of three counts of bank robbery (18 U.S.C. § 2113(a)), three counts of armed rob-

bery (22 D.C.Code §§ 2901, 3202), and seven counts of assault with a dangerous weapon (22 D.C.Code § 502). They were sentenced under the Youth Corrections Act.

■■■ On the basis in part of strong identification evidence the convictions, as we set forth later in this opinion, are affirmed, notwithstanding the two principal contentions of error, namely: (1) the admission of incriminating statements allegedly contrary to the test of admissibility set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966), and (2) failure of the prosecution to afford appellants a speedy trial. While these contentions are by no means frivolous, our study of the record persuades us that a new trial is not justified on either ground. As to the speedy trial issue, however, the delay of thirteen months, for which the appellants bear no responsibility, is troublesome. It is true that the part of the delay—the first seven months—for which the government is directly responsible was at least partially justifiable. During that period the government was apparently conducting an investigation of the bank robbery which resulted in the naming of three additional individuals in a superseding indictment. However, the greatest part of the rest of the thirteen-month delay was due to the fact that the trial judge to whom the case had been assigned was occupied with other trial duties. Such institutional delay is a weak ground upon which to stand against the constitutional right, especially in the absence of exploration of the availability of other judges to assume responsibility for the case.[1] The thirteen-month delay caused the prosecution to fall under the prima facie cloud of violation of the constitutional right. United States v. Rucker, 150 U.S.App. D.C. 314, 464 F.2d 823, 825 (1972).

■ Furthermore, while appellants may have failed to assert the right formally until the day the trial began, the failure of the government to comply with Rule 46(g) of the Federal Rules of Criminal Procedure, see note 1, *supra*, cancels any negative effect that appellants' silence may have on the validity of their speedy trial claim. As we recently indicated in United States v. Calloway, *supra*, 505 F.2d at 317, where the government failed to comply with Rule 46(g):

> In the face of its own dereliction the government is clearly not in a position to claim that appellant should be penalized for failing to press his right.

■ However, what does operate against holding that the right to speedy trial was violated is the lack of signifi-

1. Had the government not failed to comply with Rule 46(g) of the Federal Rules of Criminal Procedure, the trial judge would have been regularly alerted to the need to explore alternative means for expediting these cases. The Rule provides that in the exercise of its supervision over the detention of defendants pending trial, for the purpose of eliminating all unnecessary detention, the attorney for the government shall make a biweekly report to the court listing each defendant held pending trial for a period in excess of ten days. As to each defendant so listed the attorney for the government is required to state the reasons why he is still held in custody. (Under 23 D.C.Code § 1303(h)(6) the D.C. Bail Agency shares responsibility for preparation of the Rule 46(g) reports with the United States Attorney's office.) It would seem that if the United States Attorney's office had complied with these requirements in appellants' cases

the assigned judge, alerted to the continuing delay, might well have requested that these cases be reassigned to another District Judge not so heavily occupied in a protracted trial. Indeed the United States Attorney himself might have moved to have the cases reassigned so that the trial could be expedited.

> The purposes of the Rule are to require the government to share the burden of preventing unnecessary pre-trial confinement, and to keep the trial court on notice of the special need for a speedy trial since the defendant is confined.

United States v. Calloway, 164 U.S.App.D.C. —, 505 F.2d 317 (1974).

> The matter is of special importance because defendants are often indigent, unschooled and represented by overburdened attorneys, and it would be unrealistic to expect them to take initiative to gain fulfillment of the purposes of the Rule.

cant prejudice caused by the delay. While incarceration is normally taken to be a weighty indication of prejudice, see Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Calloway, *supra,* 505 F. 2d at 317, Turner was incarcerated only during that portion of the period between arrest and trial in which the delay was justifiable. The longer period that Cooper spent in pretrial detention is attributable to the fact that, having been released pending trial, he violated the conditions of release and was reincarcerated. The incarceration that occurred in this case did not cause prejudice at trial significant enough to justify reversing the convictions.

■ The problems of compliance with *Miranda,* and, also, the separate issues of voluntariness of Turner's confession and, particularly, the incriminating statement of Cooper, are also troublesome, but on careful review of the record of the suppression hearing, while doubts are not eliminated, we do not find justification for overriding the relevant findings and conclusions of the trial judge.[2]

■ We also have considered the matter of multiple convictions. Of seven convictions of assault with a dangerous weapon, three, involving bank tellers, are set aside as lesser included offenses of the armed robberies of the tellers. Counts 3, 6 and 9 are accordingly vacated. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973). Of the four other convictions of assault with a dangerous weapon, appellants seek to have three also set aside under United States v. Alexander, 152 U.S. App.D.C. 371, 471 F.2d 923 (1973). They contend the assault was perpetrated on a group and thus constituted a single criminal act. An analysis of the testimony, however, clearly supports the convictions as resting upon three separate assaults rather than a group assault. Each of the three bank officials was approached individually by the gunmen and assaulted separately. Finally, as the United States concedes, two of the three convictions for bank robbery must be vacated under United States v. Canty, 152 U.S.App.D.C. 103, 469 F.2d 114 (1972). The result is that the convictions of bank robbery (count 1), armed robbery (counts 2, 5, 8), and assault with a dangerous weapon (counts 10, 11, 12, 13) are affirmed.

It is so ordered.

FAHY, Senior Circuit Judge (concurring with qualfications):

I

To avoid compelled self-incriminating evidence, obtained from a suspect during his in-custody interrogation by investigating officers in state cases, the Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 964 (1966), requires the officers to advise the suspect of certain rights and to warn him that anything he says can be used in evidence against him. In the absence of such advice and warning the evidence is inadmissible.[1] However, *Miranda* permits the suspect knowingly and intelligently to waive his rights, and voluntarily to make self-incriminating statements if he has been properly advised and warned. Such statements are admissible at trial as not compelled.

Relying upon the long history of the law applicable to confessions, and influenced by the importance to human dignity and personality of the Fifth Amendment privilege, applicable in state cases through the Fourteenth Amendment, the *Miranda* Court concluded that in-custody interrogation carries "its own badge of intimidation," 384 U.S. at 457, 86 S.Ct. 1602. Fundamental also to the Court's decision is the distinction between a

---

2. As to the validity of the *Miranda* waivers, *see* Frazier v. United States, 419 F.2d 1161 (D.C.Cir. 1969); Pettyjohn v. United States, 419 F.2d 651 (D.C.Cir. 1969).

1. That such in-custody interrogation may lead at times to exoneration of the suspect rather than self-incrimination, does not remove the compulsion in event of the latter.

public trial with counsel, guaranteed by the Constitution, before an impartial judge and jury, as contrasted with a non-public, unrecorded, uncounselled inquiry as to guilt conducted by law enforcement authorities to secure from the in-custody suspect the basis for his subsequent conviction at the public trial to be held.

In this case appellant Cooper made the incriminating statement now challenged subsequent to warning and advice by the FBI agents of certain of his rights, in compliance with the requirements of *Miranda* in a state case. Thereupon he had also signed a waiver of those rights which the trial court held complied with *Miranda,* a holding I assume *arguendo* to have been correct for a state case. Cooper's case, however, is federal. In a federal case the *Miranda* opinion states that the advice and warning is to be given in accordance with Rule 5(a) of the Federal Rules of Criminal Procedure. The Court said:

> Because of the adoption by Congress of Rule 5(a) of the Federal Rules of Criminal Procedure, and this Court's effectuation of that Rule in McNabb v. United States, 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819] (1943), and Mallory v. United States, 354 U.S. 449, [77 S.Ct. 1356, 1 L.Ed. 2d 1479] (1957), we have had little occasion in the past quarter century to reach the constitutional issues in dealing with federal interrogations. These supervisory rules, requiring production of an arrested person before a commissioner "without unnecessary delay" and excluding evidence obtained in default of that statutory obligation, were nonetheless responsive to the same considerations of Fifth Amendment policy that unavoidably face us now as to the States. In *McNabb,* 318 U.S., at 343–344, [63 S. Ct. 608 at 614] and in *Mallory,* 354 U.S., at 455–456, [77 S.Ct. 1356 at 1359–1360] we recognized both the dangers of interrogation and the appropriateness of prophylaxis stem-

ming from the very fact of interrogation itself.[32]

32. Our decision today does not indicate in any manner, of course, that these rules can be disregarded. When federal officials arrest an individual, they must as always comply with the dictates of the congressional legislation and cases thereunder. See generally, Hogan & Snee, The McNabb-Mallory Rule: Its Rise, Rationale and Rescue, 47 Geo.L.J. 1 (1958).

384 U.S. at 463, 86 S.Ct. at 1622.

Rule 5(a) of F.R.Crim.P., thus binding upon the FBI in our case, reads:

> An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate or, in the event that a federal magistrate is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041. If a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith which shall comply with the requirements of Rule 4(a) with respect to the showing of probable cause. When a person, arrested with or without a warrant or given a summons, appears initially before the magistrate, the magistrate shall proceed in accordance with the applicable subdivisions of this rule.

The subdivision applicable to this case is Rule 5(c), which provides in part as follows:

> (c) *Offenses Not Triable by the United States Magistrate.* If the charge against the defendant is not triable by the United States magistrate, the defendant shall not be called upon to plead. The magistrate shall inform the defendant of the complaint against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and of the general circumstances under which he may secure pretrial release. He shall inform the defendant that he is not required

to make a statement and that any statement made by him may be used against him. The magistrate shall also inform the defendant of his right to a preliminary examination. He shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided by statute or in these rules.

Rule 5(a) was not complied with in this case.[2] Nevertheless, this Court has held that a valid *Miranda* waiver constitutes a waiver of the need for compliance with Rule 5(a). Frazier v. United States, 136 U.S.App.D.C. 180, 419 F.2d 1161 (1969); and see, Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651 (1969). This position of our court requires my adherence. For that reason I concur in affirmance of the Cooper conviction notwithstanding Rule 5(a) was not complied with; but I respectfully disagree with our court's position that a *Miranda* waiver is a waiver of Rule 5(a). I continue to believe, as previously stated in my dissent in *Poole, supra,* that this ruling is mistaken and should be reconsidered.

The ruling referred to I think is clearly inconsistent with the statement in *Miranda, supra,* that "[w]hen federal officials arrest an individual, they must as always comply with the dictates of the congressional legislation and cases thereunder." In my opinion the ruling is inconsistent also with good reason; it overlooks the vast difference in these matters between public advice and warning by a magistrate, with tender of counsel, as required by Rule 5(a), and in-custody, non-public advice and warning, with tender of counsel, by the arresting officers at a police station or FBI office. To equate the two, and to equate a waiver obtained in these different circumstances, would be for me to repudiate the fundamental basis of the Supreme Court's approach to this problem, namely, the suspect and coercive character of in-custody interrogation. Moreover, the Court's discussion in *Miranda* of the elements of a valid waiver has no relevance to the situation where Rule 5(a) is applicable. Neither Rule 5(a) nor any decision which antedated *Miranda* speaks of a waiver by an arrestee of the duty imposed upon the police authorities by the Rule.[3] The *Miranda* Court, by requiring compliance with Rule 5(a) in a federal case, excludes any claim that a *Miranda* waiver constitutes a waiver of Rule 5(a) in a federal case. A *Miranda* waiver, moreover, is not a waiver of the duty imposed by law upon an officer.

Since, in my view, there was a failure of the officers to comply with Rule 5(a), resulting in Cooper not having been warned and advised by a magistrate, with tender of counsel, in the manner required by that Rule and the further applicable subdivisions of Rule 5, set forth *supra,* I would hold the incriminating statement inadmissible. It cannot be inferred that the statement would have been made had Rule 5(a) been followed. The statement resulted directly from the in-custody interrogation which went forward in the absence of compliance with the requirements of *Miranda* that "[w]hen federal officials arrest an individual, they must as always comply with the dictates of the congressional legislation and cases thereunder." Since the incriminating evidence was not the fruit of an invalidly obtained statement, but was the statement itself, Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), does not apply, aside from the fact that it is a state case.

2. The present status of the *Mallory* Rule itself in light of the enactment of 18 U.S.C. § 3501, is discussed in my dissenting opinion in Poole v. United States, 161 U.S.App.D.C. 289, 495 F.2d 115, 126 (1974).

3. This strongly indicates that the officer's duty under Rule 5(a) has never been considered as waivable by the arrestee. Assuming *arguendo* that such a waiver is possible, it seems clear to me it is not accomplished by a *Miranda* waiver which, *inter alia,* makes no mention of the duty imposed by Rule 5(a).

My position does not rest upon the particular admonition of Rule 5(a) against "unnecessary delay" in taking Cooper to a magistrate, the basis for the *Mallory* Rule. It rests upon the fact that the statement was obtained without the public authorities complying at all with the obligation of Rule 5(a) that the warning and advice of rights be given by a magistrate in a federal case. Had he been so advised and warned he might, for example, have accepted counsel tendered by the magistrate and thereafter remained silent. Nor does my position depend upon whether or not the *Miranda* waiver by Cooper removed the compulsion due to the in-custody interrogation. In a federal case, apart from the advice and warning required to counter compulsion in a state case, followed by waiver, the Federal Rules of Criminal Procedure provide their own safeguards against compulsion.

## II

The exclusion of Cooper's statement is thus supported by two sound reasons in my opinion. In the first place the evidence was obtained without the advice and warning required in a federal case to remove the compulsion of in-custody interrogation. In the second place this omission was due to a violation by the agents of the FBI of their legal obligation imposed by a Rule of Criminal Procedure which has the status of statutory law.

The *Mallory* exclusionary rule owes its origin to the Supreme Court's insistence upon obedience to law by the government in its investigation of crime. The importance of such insistence has been increased by the *Miranda* demonstration of the coercive nature of in-custody interrogation of a suspect unwarned and unadvised of his rights, and who after warning and advice has not knowingly and intelligently waived his rights and proceeded voluntarily to incriminate himself. This demonstration gave a new dimension to the importance of compliance with Rule 5(a). The exclusion of evidence obtained by official violation of this provision of the Federal Rules of Criminal Procedure gains additional justification due to the consequent failure to remove the coercive influence of in-custody interrogation in the manner required in a federal case. The fact that the Federal Rule governs, with the warning and advice given publicly by a magistrate rather than non-publicly by the arresting authorities, as may suffice in a state case, is added protection in a federal case from the coercive effect of the in-custody interrogation.

This position is not affected by 18 U. S.C. § 3501.[4] Section 3501 is designed to modify the *Mallory* Rule based on "unnecessary delay" in the arrestee being taken to a magistrate. My position, accepting as we must the rationale of *Miranda* as to the coercive character of in-custody interrogation, depends upon the obligation of Rule 5(a) which is independent of the "unnecessary delay" requirement of the Rule—the duty of the arresting officer to take the arrestee to a magistrate for warning and

4. 18 U.S.C. § 3501(c) provides:
  (c) In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided*, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer.

advice.[5] 18 U.S.C. § 3501 does not purport to alter this obligation.

Were these views with respect to the incriminating statement of Cooper to prevail, reversal of his conviction would be required.[6]

Chief Judge BAZELON joins in this concurring opinion.

5. This is not to suggest that the "unnecessary delay" command is not to be complied with. That provision is of course part and parcel of the obligation imposed by Rule 5(a)—an obligation unaltered in any of its parts by section 3501. However, the exclusion of the Cooper incriminating statement is rested in this opinion (1) upon the violation by the FBI agents of their obligation to have Cooper warned and advised as required by the Federal Rules of Criminal Procedure, deemed by me not to have been waived, and (2) upon the consequences of such violation as it bears upon the coercive character of the in-custody interrogation.

6. This concurring opinion is expressed in terms of the case of appellant Cooper alone as a matter of convenience in developing the basis for the opinion. It will be seen, however, that were the view expressed in this opinion to prevail it would also result in reversal of the conviction of Turner.