**UNITED STATES of America**

v.

**Frankie ALLEN, Appellant.**

**No. 72-1473.**

United States Court of Appeals,
District of Columbia Circuit.

Oct. 15, 1974.

Jeffrey Freund, Washington, D. C., was on the brief for appellant. Robert A. W. Boraks, Washington, D. C., entered an appearance for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry and Donald A. Couvillon, Asst. U. S. Attys., were on the brief for appellee.

Before LEVENTHAL and ROBB, Circuit Judges, and NICHOLS,* Judge, United States Court of Claims.

LEVENTHAL, Circuit Judge:

██ The principal contention in appellant's brief is that the reasons stated by the trial judge for sentencing as an adult under 18 U.S.C. § 5010(d) were insufficient,[1] and reflect a failure to

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

1. Appellant's brief presents the following Statement of Issues Presented:
   1. W..ether the trial court erred in basing a finding that appellant would not benefit

from treatment under the Youth Corrections Act on:
(a) Overcrowded conditions at Lorton Youth Center;
(b) Appellant's prior record;
(c) Appellant's level of academic and employment achievement;

comply with the requirement of United States v. Coefield, 155 U.S.App.D.C. 205, 476 F.2d 1152 (1973), that the judge specify the basis for his conclusion that the defendant will not benefit from Youth Act treatment. *Coefield* was designed, says appellant, to permit meaningful judicial review, United States v. Forrest, 157 U.S.App.D.C. 188, 191, 482 F.2d 777, 780 (1973).

In Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), decided after the briefs were filed, the Supreme Court held that the district court's finding that the offender would not benefit from treatment under the Federal Youth Corrections Act does not require supporting reasons. The Court put it that any requirement of such statement of reasons would limit the discretion of the sentencing judge and facilitate appellate review of sentencing, contrary to legislative intent. 418 U.S. at 441–442, 94 S.Ct. 3042. We think *Dorszynski* effectively undercuts appellant's primary contention that the District Court's specification of reasons was insufficient under the Youth Corrections Act.

We now proceed to discuss appellant's formulation that the action of the trial judge was "improper." While in *Dorszynski* the Court stated "the general proposition" negating an appellate function when a sentence is within the statutory limits, it clearly was aware of phases of sentencing that are within appellate review. To the sentence stating the "general proposition" the Court added a footnote (fn. 7) that pointed out: "There is no contention here that the District Court relied upon improper or inaccurate information. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)." The *Tucker* case remanded for resentencing when the judge gave explicit consideration to de-

fendant's prior convictions and it was later determined that two of these convictions were obtained without assistance of counsel to defendant and hence were constitutionally invalid.

Other instances of rulings that establish a limited appellate supervisory role —not extending to review of the severity of punishment—are the decisions remanding where a trial judge sentences a defendant not represented by counsel at the time, Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), or hears in the sentencing proceeding from a prosecutor who thereby violates his agreement not to allocute, *see* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), or imposes a stiffer sentence because the defendant asserted his innocence at a trial, Scott v. United States, 135 U.S.App.D.C. 377, 419 F.2d 264 (1969).

■ The Court in *Dorszynski* held that the Youth Corrections Act should not be interpreted so as to diminish the traditional sentencing discretion of the trial judge, but it did not undercut the general appellate function in assuring that there has been a proper foundation for the exercise of discretion. Thus, the Court quoted with approval 418 U.S. at 443, 94 S.Ct. 3042 the following:

"Appellate modification of a statutorily-authorized sentence . . . is an entirely different matter than the careful scrutiny of the *judicial process* by which the particular punishment was determined. Rather than an unjustified incursion into the province of the sentencing judge, this latter responsibility is, on the contrary, a necessary incident of what has always been appropriate appellate review of criminal cases." United States v. Hartford, 489 F.2d 652, 654 (CA 5 1974). Emphasis in original.)[2]

(d) Appellant's adult sentence in another case;

(e) Appellant's income at the time of the offense.

2. Whether this Court can affirm a sentence under 18 U.S.C. § 5010(d) when any one of the reasons given by the trial judge

in support of a finding of no benefit is improper.

2. In *Hartford* the Fifth Circuit reversed a sentence under the Youth Corrections Act that was imposed for retribution not rehabilitation, the judge stating he regarded the

Other examples of review of sentencing process that are in no way based on the Youth Corrections Act appear in, *e. g.*, Coleman v. United States, 123 U.S. App.D.C. 103, 106, 357 F.2d 563, 566 (1965) (en banc); Leach v. United States, 118 U.S.App.D.C. 197, 334 F.2d 945 (1964).

■ Appellant contends it was wholly improper for the trial judge to impose an adult sentence on the ground, among others, that there was overcrowding at the Youth Center. We interpolate that we don't read the remarks of the trial judge in the same way as appellant. In imposing adult sentence, the court expressly relied on the recommendation of the report obtained pursuant to 18 U.S. C. § 5010(e), after the defendant was permitted to plead guilty prior to age 21. The District Court said:

> We sent you down to the Youth Center for evaluation, and they come back with an adverse report for *a variety of reasons*, one of which is the overcrowded conditions, the other the fact of your record, still another the level of training is such that you wouldn't benefit from Lorton.
>
> Judge Walsh has recently sentenced you, after having given you a chance as a result of which you were able to work for nine months as a counselor at the Public Defender Service. You engaged in an armed robbery when, by your own admission, you and your wife had something in the neighborhood of a $12,000-a-year income. (Tr. 10–11) (emphasis added).

And in adopting the report, the court added reasons of its own.

We are not confronted here with the issue that would arise if the District Judge concluded that the defendant was one who would benefit from Youth Corrections Act treatment (thus making the finding specified by that Act) but that a sentence under the Youth Corrections Act must be withheld because the facilities were overcrowded.

As for the other grounds that appellant finds were "improperly" relied on by the District Court—his prior criminal record, his already high level of academic and employment achievement, his adult sentence in another case—he is, in essence, asking us to review an exercise of discretion, and to become engaged in a review of the reasons given by the trial judge. The difficulty with appellant's contention is that it would embroil the appellate court in the kind of review of sentencing reasons that *Dorszynski* says is not a legitimate part of the appellate function. There is a sharp difference, at least in degree, between questions like these and the defects that occasioned appellate review of process in the *Tucker* and other cases discussed above.

Appellant was sentenced on two counts of armed robbery, 22 D.C.Code §§ 2901, 3202 (1973) (7 to 21 years); two counts of assault with a dangerous weapon, 22 D.C.Code, § 502 (1973) (3 to 10 years); and one count of carrying a concealed weapon, 22 D.C.Code § 3204 (1973) (1 year), all to be served concurrently with each other and with the term of 3 to 9 years previously imposed by another judge in another case. The District Court resentenced on the robbery counts, while the appeal was pending, to a term of five to fifteen years. Appellant's convictions and sentences on counts 3 and 6 (assault with a dangerous weapon) are vacated. The sentences on counts 1 and 4 (armed robbery) are vacated and the case is remanded for re-

general one-year maximum provided for the offense as insufficient.

It also remanded a non-mandatory maximum sentence given to another defendant (who was also denied Youth Corrections Act sentence) on the basis of a rigid sentencing policy for the category of crime. The court held that "the process by which the judge determines the appropriate sentence must constitute the exercise of judicial discretion demanded in each particular case." 489 F. 2d at 655.

For other decisions holding a rigid policy to be an impermissible failure to exercise discretion, see Scott v. United States, *supra*; United States v. Daniels, 446 F.2d 967, 971 (6th Cir. 1971); Woosley v. United States, 478 F.2d 139 (8th Cir. 1973).

sentencing as to those two counts. In all other respects the judgment is affirmed. [3]

So ordered.

Circuit Judge ROBB wishes it noted that his concurrence is not to be construed as agreement with the decisions in Scott v. United States, 135 U.S.App. D.C. 377, 419 F.2d 264 (1969); Coleman v. United States, 123 U.S.App.D.C. 103, 357 F.2d 563 (1965) (en banc), and Leach v. United States, 118 U.S.App.D. C. 197, 334 F.2d 945 (1964).

3. The conviction of assault with a dangerous weapon is set aside under United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973). As to the robbery counts, our action is appropriate in view of the fact that the District Court's reduction of sentence was entered after the notice of appeal was filed, at a time when it was without jurisdiction to do so. United States v. Mack, 151 U.S.App.D.C. 162, 168–169, 466 F.2d 333, 339–340, cert. denied, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972).