Michael BELL, Appellant,

v.

UNITED STATES, Appellee.

No. 7208.

District of Columbia Court of Appeals.

Argued April 9, 1974.

Decided Jan. 30, 1975.

Eugene M. Bond, Arlington, Va., appointed by the court, for appellant.

Richard A. Graham, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Percy H. Russell, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

Appellant was charged in separate indictments with numerous crimes relating to a liquor store holdup on May 4, 1972, and a kidnapping and related sexual offenses on May 5, 1972. He was thereafter convicted by a jury of armed robbery and two assaults with a dangerous weapon in connection with the incident of May 4th. In the companion case, the jury convicted appellant of armed robbery, assault with a dangerous weapon, kidnapping while armed, rape while armed and sodomy. In all, appellant was sentenced to a term of from twenty to sixty years in prison.

It is first urged on appeal that the joinder of the indictments for trial was so prejudicial to appellant as to require reversal despite the fact that it was defense counsel who moved for consolidation. We disagree.

As a general rule, where offenses in an indictment are misjoined and the

accused does *not timely* object, the objection is lost on appeal. Young v. United States, 109 U.S.App.D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963). Similarly, if the court orders two or more indictments to be tried together pursuant to Super.Ct. Cr.R. 13 [1] and it later appears that joinder is inappropriate, there must be a timely objection so that the court may fashion a suitable remedy under Super.Ct.Cr.R. 14.[2] In this case, however, it was appellant himself who initiated the joinder, so there was no objection at any stage of the proceedings to the joint trial. As a consequence, appellant cannot prevail on the issue of prejudicial misjoinder absent a finding that the trial judge should at some point have sua sponte ordered a severance.

I

■■ Three kinds of prejudice warrant relief under Rule 14. If it appears that (1) the jury may cumulate evidence of separate crimes to find guilt; (2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt, or (3) the defendant may become embarrassed or confounded in presenting different defenses to different charges.

Blunt v. United States, 131 U.S.App.D.C. 306, 311, 404 F.2d 1283, 1288 (1968), cert. denied, 394 U.S. 909, 89 S.Ct. 1021, 22 L. Ed.2d 221 (1969). As to the latter potential for prejudice, there was no danger in this case that appellant would become embarrassed in presenting different defenses to the different charges since he presented only one, that of insanity.

■ The remaining types of prejudice may be negated in the two circumstances: (1) where the evidence of the offenses is mutually admissible at separate trials, and (2) where the evidence of each offense is sufficiently simple and distinct so as not to confuse the jury. Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958 (1968), cert. denied, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970); Drew v. United States, 118 U.S.App.D.C. 11, 17–18, 331 F. 2d 85, 91–92 (1964). If either of these standards is met, prejudice due to the tendency to infer criminal propensity and to the cumulative use of the evidence is negated.[3]

In this case evidence of the two offenses would not be mutually admissible at separate trials; however, the evidence as to each crime charged was sufficiently simple and distinct to meet the test of Drew v.

---

1. Super Ct.Cr.R. 13 reads:

The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information. If two or more defendants charged in separate informations are alleged to have participated in the same act or transaction or in the same series of acts and transactions constituting an offense or offenses, if filed the same day, shall, unless otherwise ordered by the court, be treated as joined for purpose of trial. In that event, each such information shall indicate the other information or informations with which it is joined for purpose of trial.

2. Super.Ct.Cr.R. 14 reads:

If it appears that a defendant or the government is prejudiced by a joinder of

offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the prosecutor to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

3. Often, however, criminal propensity prejudice is analyzed primarily in terms of mutual admissibility of evidence in separate trials while prejudice arising from cumulation of evidence is analyzed primarily in terms of whether the evidence as to each offense was simple and distinct.

United States, *supra* at 17–18, 331 F.2d at 91–92, that:

> [I]f, from the nature of the crimes charged, it appears that the prosecutor might be able to present the evidence in such a manner that . . . the jury will be able to treat the evidence relevant to each charge separately and distinctly, the trial judge need not order severance or election at the commencement of the trial. If, however, it appears at any later stage in the trial . . . that there is a possibility that the jury will become or has become confused, then, upon proper motion, the trial judge should order severance.

From a reading of this record we are satisfied beyond any reasonable doubt that the jury was properly able to relate the testimony to each of the offenses with which appellant was charged.

■ Moreover, in our judgment, there can be no claim of prejudice where a defendant himself moves for joinder and does not object to the admission of evidence of other crimes at trial for strategic reasons in order to prove a defense of insanity. Prejudice must be considered "in the light of what actually occurred after the consolidated trials went forward, not merely in terms of what might have been a proper course . . . when the motions . . . were made." Dunaway v. United States, 92 U.S.App.D.C. 299, 302, 205 F.2d 23, 25 (1953). As the trial developed, it became apparent that counsel considered evidence of appellant's antisocial behavior an aid in his case. When told at a bench conference that the rape victim would testify that appellant told her he had raped another woman and had spent time in jail before, counsel said: "I have no objection to that. It is consistent with our defense in fact." The witness also testified, without objection, that appellant told her he had robbed a liquor store the day before. Counsel himself elicited testimony from the witness on cross-examination about these

same matters and, in defense, introduced a great deal of evidence to show that appellant's mental faculties were substantially impaired, including testimony that appellant was an alcoholic, had stabbed his brother, had stolen money from his father, and had tried to rape his sister. No objection was made to testimony elicited by the prosecutor that appellant had been in an institution for juveniles. Thus, much of the evidence of these crimes would have been introduced regardless of joinder, and the possibility of prejudice was certainly not enlarged by that factor alone. Under these circumstances, we are unable to say that the trial court's failure to order a severance, sua sponte, was plain error requiring reversal.

## II

■ The defense to the charges arising out of both incidents was insanity. Appellant's mother related instances of his odd behavior in childhood and his prior contacts with penal authorities and psychiatrists. His father and sister corroborated this testimony, as did appellant himself. Additionally, Dr. Harold Kaufman, a psychiatrist, testified that appellant was suffering from a schizophrenic reaction, a psychotic disorder, and gave the basis for his diagnosis.

In rebuttal Dr. Robert H. Robertson, a staff psychiatrist at St. Elizabeths Hospital, explained the results of psychological tests given appellant at the hospital. He spoke of appellant's familiarity with psychiatric terms and the criminal correctional procedures at St. Elizabeths. He said that appellant manifested no real psychiatric symptoms and showed strong signs of malingering. In his opinion, appellant's actions on May 4 and 5, 1972, were the result of a free exercise of choice.

Appellant continues to urge that he is in need of psychiatric help and claims that the jury's finding that his acts were not the product of a mental disease is against

the weight of the evidence. We have said enough to demonstrate, however, that the evidence on the issue of insanity was conflicting and a jury verdict of mental responsibility for the acts charged had ample support in the evidence.

### III

 Appellant contends that it was error to receive verdicts on the three counts of assault with a dangerous weapon with which he was charged because the assaults were lesser included offenses of armed robbery and armed rape. With respect to the liquor store robbery, appellant was convicted of an assault upon Leon Gold and an assault upon Doris B. Gold. The government agrees that the assault on Leon Gold merged in the greater offense of armed robbery and that conviction must be vacated. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973); Skinner v. United States, D.C.App., 310 A.2d 231 (1973). The conviction of assault with a deadly weapon upon the complainant in the companion case must also be vacated as a lesser included offense of armed rape. United States v. Benn, 155 U.S.App. D.C. 180, 185, 476 F.2d 1127, 1132 (1973). The conviction of assault with a dangerous weapon on Doris B. Gold must stand, however, as it was the only offense against her for which appellant was charged. United States v. Johnson, *supra*.[4]

### IV

Finally, appellant's contention that the trial court failed to make an explicit finding that he would not benefit from a sentence under the Federal Youth Corrections Act, 18 U.S.C. § 5010, is contradicted by the record. The sentencing procedure was in accord with the dictates of Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), and the sentences imposed were valid.

Accordingly, the convictions of assault with a dangerous weapon specifically noted above are vacated. In all other respects the judgments of conviction on appeal are

Affirmed.

---

4. The contention that kidnapping while armed is coextensive with or a lesser included offense of rape while armed is without merit.